# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW, | ) | |
| | ) | Civil Action No. 16 – 121E |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge David S. Cercone |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| T. MURIN, CO3, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.[1]

### II.  REPORT

Plaintiff Alfonso Percy Pew is an inmate currently incarcerated at the State Correctional Institution at Forest. He has sought leave to proceed *in forma pauperis* ("IFP") in order to file a civil rights complaint against Correctional Officer T. Murin, for allegedly committing a litany of

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

violations with respect to his conditions of confinement. For the following reasons, Plaintiff's motion for leave to proceed IFP should be denied.

First, it is a plaintiff's burden to prove entitlement to IFP status. *See* White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).

The following actions filed by Plaintiff while *in forma pauperis* were dismissed by the United States District Court for the Eastern District of Pennsylvania as frivolous: Pew v. Cox, Civil No. 93-4128 (E.D. Pa.) (order entered Aug. 20, 1993); Pew v. Clark, Civil No. 94-4813

---

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert*. *denied*, 533 U.S. 953 (2001).

(E.D. Pa.) (order entered Aug. 19, 1994); Pew v. Pavicic, Civil No. 94-4821 (E.D. Pa.) (order entered Aug. 19, 1994).

Additionally, the following appeals filed by Plaintiff while *in forma pauperis* were dismissed by the Third Circuit as frivolous: Pew v. Cox, C.A. No. 93-2041 (3d Cir.) (order entered March 31, 1994); Pew v. Casner, C.A. No. 95-7176 (3d Cir.) (order entered July 31, 1995); Pew v. Love, C.A. No. 96-7314 (3d Cir.) (order entered Oct. 24, 1996).[3]

Accordingly, because Plaintiff has at least three strikes,[4] he may not proceed IFP unless he is "under imminent danger of serious physical injury" as revealed by the complaint as of the time of filing the application for leave to proceed IFP and/or the complaint. *See* Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

In this case, Plaintiff fails to allege a showing of "an imminent danger of serious physical injury" at the time of his filing the Complaint, which the Court takes to be May 24, 2016 the date he signed his Complaint. At most, Plaintiff has alleged a host of conditions of confinement with which he is unhappy but that are consistent with those in the Restricted Housing Unit and do not

---

[3] The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included in the amount of strikes under section § 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

[4] In fact, Plaintiff is a prodigious and prodigiously unsuccessful *pro se* litigant. The computerized dockets of the United States Federal Courts reveal that Plaintiff has initiated over fifty (50) cases in United States District Courts and at least twenty-five (25) appeals in the United States Court of Appeals for the Third Circuit.

amount to a constitutional violation or show that he is in danger of suffering a serious physical injury. As such, it is recommended that Plaintiff's Motion for IFP be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 2, 2016

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Alfonso Percy Pew
BT-7263
SCI Forest
P.O. Box 945
Marienville, PA 16239

4